# Schwem *v.* Calloway, Appellant.

*Deed—Testamentary paper—Will—Remainder to heirs—Rule in Shelley's case.*

A deed by a husband and wife conveyed lands belonging to the wife to a trustee in trust, but reserving to the wife from the operation of the deed all of the lands described therein during her natural life under her full control and possession so that the control and possession of the trustee should only be exercised at the time of her death. The deed further provided that upon her death the trustee should hold the lands for the use of her children, naming them, and after the decease of any of the said children then to the right heirs of such deceased child. The deed further provided that the husband and wife might during the life

of both of them by mutual consent, alter or amend the trust or alter or revoke the same. *Held,* (1) that if the instrument in question was testamentary, it was revocable, and was in fact revoked by a deed by the wife after the death of her husband; (2) that if the instrument was a deed, then the trust created an estate in fee simple or at least in fee tail, which was executed by the statute in the heirs of the wife, and that if the grantee in the deed from the wife also held a conveyance from all the said heirs, he had the entire title.

Argued Oct. 6, 1909. Appeal, No. 199, Oct. T., 1909, by defendant, from judgment of C. P. Jefferson Co., Nov. T., 1909, No. 129, for plaintiff on case stated in suit of George E. Schwem v. Arthur W. Calloway. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Case stated to determine title to real estate.

From the record it appeared that on April 19, 1893, Sarah E. Dinsmore and N. J. Dinsmore, her husband, united in a paper, appearing on its face to be a deed, and purporting to convey certain lands of Mrs. Dinsmore to L. C. McGaw in trust for certain trusts thereinafter set forth, subject to a life interest of Mrs. Dinsmore. The instrument after describing the lands continued as follows:

" Reserving, nevertheless, to the said Sarah E. Dinsmore, party of the first part, and reserving entirely from the operation of this deed as fully as if this deed had never been made at all, all of these lots and land as above described or intended so to be, together with all and singular the buildings, improvements, ways, waters, watercourses, rights, liberties, privileges, hereditaments and appurtenances whatsoever thereto belonging or in anywise appertaining, and all the rents, issues and profits thereof and the full, free, uninterfered with occupation and control of the same and every part thereof during the natural life of the said Sarah E. Dinsmore, leaving and keeping her in respect to said land and buildings fully possessed of all use and control to be charged in no way, and in no way to be held responsible for same during her natural life, so that the possession, control and responsibility of said Trustee in trust

for the purposes and persons hereinafter named and set forth party of second part, or his successors or successor, shall only commence and be exercised at the time of the death of her, the said grantor, Sarah E. Dinsmore.

"This conveyance is however as aforesaid in trust nevertheless for the uses, purposes and persons and in the manner hereinafter expressed concerning the same, that is to say, from and immediatcly after the decease of the said Sarah E. Dinsmore, which is the termination of the reservation above set forth, the trustee above named or his heirs or successor or successors, shall hold and control said described real estate in trust and for the use of the children of said M. J. Dinsmore and Sarah E. Dinsmore, parties of the first part, which children are: James Atlas Dinsmore, Mellie May Dinsmore, now Mellie May Myers, wife of L. C. Meyers, Mary Evangeline Dinsmore, Annie Eliza Dinsmore, now Annie Eliza Gibson, wife of Harry Gibson, and Marion Adelia Dinsmore, that they may have, hold, use and enjoy said premises with the appurtenances, and in case of the decease of any of said children named then of the right heir or heirs of such deceased one, provided that the heirs of such decedent shall take by representation only the share of or which such deceased child of parties of the first part would take if living: said estate to be thus held in trust for the equal benefit, use, occupation, enjoyment and profit of said five children and their heirs . . . . provided that said Sarah E. Dinsmore and M. J. Dinsmore may during the life time of both of them by mutual consent and by joining in a duly acknowledged deed alter or amend this trust or entirely revoke the same or declare new and different trusts or trustee or trustees."

The case stated contained the following facts:

4. That M. J. Dinsmore, husband of Sarah E. Dinsmore, died on or about December 28, 1899, and that all of the children of the said M. J. and Sarah E. Dinsmore, named in said trust deed, were then living and of full age.

5. That by deed dated January 8, 1902, all of said children of said M. J. and Sarah E. Dinsmore, who were named in the aforesaid trust deed, being of full age together with their respective husbands and wives, did convey said real estate, and

all their interests in the same to the said Sarah E. Dinsmore, who at that time held the life estate therein, which deed was duly acknowledged and entered of record.

6. That to No. 2, April Term, 1902, in equity in the court of common pleas of Jefferson county, Sarah E. Dinsmore filed a bill naming all of the said children of the said Sarah E. Dinsmore and M. J. Dinsmore and the trustee as defendants, setting forth substantially the facts aforesaid and praying the court to decree a termination of said trust and order and decree that the trustee before named be forever discharged from said trust and that no successor be appointed.

7. That all of said defendants admitted the facts set forth in said bill and joined in the prayer thereof.

8. That on March 12, 1902, the said court entered a decree in accordance with the prayer of said bill, terminating said trust and discharging the trustee.

9. That on April 18, 1902, the said Sarah E. Dinsmore, then a widow, conveyed said land described in said trust deed to George E. Schwem, by deed of general warranty recorded at Brookville.

10. That on or about June 25, 1909, said George E. Schwem agreed in writing to sell and convey the portion of said land below described to A. W. Calloway, and the said A. W. Calloway agreed to purchase the same and to pay therefor the sum of $25,500 upon the delivery to him of a good and sufficient deed for said premises conveying a marketable title.

The court entered judgment for plaintiff on the case stated.

*Error assigned* was in entering judgment for plaintiff on the case stated.

*B. M. Clark*, with him *A. B. Stewart*, for appellants.—It is a well-settled principle of law that a deed of trust reserving to the grantor, and postponing until his death the enjoyment of the estate, is not a testamentary instrument, nor is it revocable by the grantor, unless the deed itself provides for such revocation or shows a clear intention on the part of the grantor that it is to operate as a will, notwithstanding the gift is merely

voluntary: Greenfield's Est., 14 Pa. 489; Eckman v. Eckman, 68 Pa. 460; Waugh's Exrs. v. Waugh, 84 Pa. 350; Knowlson v. Fleming, 165 Pa. 10; Wilson v. Anderson, 186 Pa. 531; Rynd v. Baker, 193 Pa. 486; Anspach v. Lightner, 31 Pa. Superior Ct. 218; Fellbush v. Egen, 221 Pa. 420.

The retention of possession and enjoyment of the land conveyed while the grantor lives, does not make the instrument testamentary: Book v. Book, 104 Pa. 240; Cable v. Cable, 146 Pa. 451; Anspach v. Lightner, 31 Pa. Superior Ct. 218.

A trust to pay the net income of realty to beneficiaries involves the exercise of discretion on the part of the trustee, and creates an active and continuing trust notwithstanding the property is left to certain named children, and at their death, to their heirs: Hemphill's Est., 180 Pa. 95; McIntosh's Est., 158 Pa. 528; Koutzleman's Est., 21 W. N. C. 467.

*A. L. Cole,* for appellee, cited: Turner v. Scott, 51 Pa. 126; Harter's App., 190 Pa. 476; Coulter v. Shelmadine, 204 Pa. 120; Frederick's App., 52 Pa. 338; Rick's App., 105 Pa. 528; Chestnut St. Nat. Bank v. Fidelity Ins., etc., Co., 186 Pa. 333; McCullough v. Johnetta Coal Co., 210 Pa. 222.

PER CURIAM, November 5, 1909:

If the instrument in question was testamentary it was of course revocable, and was revoked by the subsequent conveyance.

If, however, it was a deed, then the alleged trust created an estate in fee simple or at least in fee tail, which was executed by the statute, in the five heirs of Sarah E. Dinsmore, and the plaintiff, holding a conveyance from all the said heirs, has the entire title.

In either view the judgment must be affirmed.